IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE KIERNAN<br>37 Poplar Place<br>Freehold, NJ 07728<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AAA MECHANICAL, INC. d/b/a Midstate Heating and Cooling<br>31 Park Road<br>Tinton Falls, NJ 07724<br><br>　　and<br><br>ROBERT BIFANI<br>c/o AAA Mechanical, Inc.<br>31 Park Road<br>Tinton Falls, NJ 07724<br><br>　　and<br><br>BRIAN DIFIORE<br>c/o AAA Mechanical, Inc.<br>31 Park Road<br>Tinton Falls, NJ 07724<br><br>　　　　Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Michelle Kiernan (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. This action has been initiated by Plaintiff against AAA Mechanical, Inc. d/b/a Midstate Heating and Cooling, Bob Bifoni, and Brian Difore (hereinafter "Defendants") for violations of the Fair Labor Standards Act (FLSA), the New Jersey Wage and Hour Law, and the

New Jersey Conscientious Employee Protection Act ("CEPA").  As a direct consequence of Defendants' actions, Plaintiff has suffered damages as set forth herein.

## II.     Jurisdiction and Venue

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

3. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.     Parties

5. The foregoing paragraphs are incorporated as if set forth in full.

6. Plaintiff is an adult with an address as set forth above.

7. Defendant AAA Mechanical, Inc. d/b/a Midstate Heating and Cooling (hereinafter "AAA") operates at least one heating and cooling facility in New Jersey.

8. Defendant Robert Bifani (hereinafter "Bifani:") is an owner and an officer of Defendant AAA Mechanical, Inc., and at all times exercised control over Plaintiff's pay.

9. Defendant Brian Difore (hereinafter "Difore") is the president and an officer of Defendant AAA Mechanical, Inc., and at all times exercised control over Plaintiff's pay.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Plaintiff was employed with AAA for approximately seven months prior to her termination in or about July of 2010.

13. During Plaintiff's employment with AAA, Plaintiff worked for Defendants as a salaried employee.

14. During Plaintiff's employment, Plaintiff consistently worked at least 45-55 hours per week.

15. During Plaintiff's employment, Plaintiff performed a variety of clerical tasks.

16. At no time during Plaintiff's employment with Defendants was she delegated a responsibility to hire employees.

17. At no time during Plaintiff's employment with Defendants was she delegated a responsibility of terminating employees.

18. At no time during Plaintiff's employment with Defendants was she delegated the responsibility of interviewing employees.

19. At no time during Plaintiff's employment with Defendants was she delegated a responsibility of giving written disciplinary measures to employees for misconduct or poor work performance.

20. At no time during Plaintiff's employment with Defendants was she delegated a responsibility to make any meaningful or significant financial decisions within Defendants' business.

21. During Plaintiff's employment with Defendants, she did not perform any meaningful or typical managerial or supervisory tasks/functions.

22. At no time during Plaintiff's employment with Defendants was Plaintiff an exempt employee under the Fair Labor Standards Act ("FLSA").

23. While in the employ of Defendants, Plaintiff was one of many employees who was not properly paid overtime compensation.

24. Defendants intentionally failed to pay Plaintiff overtime wages for time worked in excess of 40 hours in a workweek.

25. Specifically, Plaintiff did not receive any additional compensation for hours worked beyond 40 in a workweek.

26. Beginning in March of 2010, Plaintiff complained about her lack of overtime pay to management.

27. Plaintiff complained to her immediate supervisor and to Bifani regarding Defendants' wage violations.

28. Plaintiff's immediate supervisor then reported the complaint regarding overtime violations to Difore.

29. Plaintiff's supervisor further provided legal research to Difore which she acquired through internet searching indicating that Plaintiff should have been and should be paid overtime.

30. Plaintiff specifically informed Defendants that she believed that Defendants' pay practices were illegal because Defendants failed to pay any of their employees overtime compensation.

31. Plaintiff further informed Bifani that she would contact the Department of Labor ("DOL") if Defendants refused to pay her proper overtime.

32.     Defendants continued to refuse to provide overtime compensation to Plaintiff and other employees, and as a result, Plaintiff contacted the DOL.

33.     Defendants were contacted by the DOL and informed that they were being investigated in June and/or July of 2010.

34.     On the day of Plaintiff's termination, Bifani received a call from the DOL and was informed that Defendants would likely be fined as a result of Defendants' failure to follow wage and hour laws.

35.     Within an hour of ending the aforementioned phone call, Bifani terminated Plaintiff.

36.     Plaintiff avers that she was terminated for complaining to management and informing the DOL of wage violations, in violation of the FLSA, the New Jersey Wage and Hour Law, and the CEPA.

### First Cause of Action
### Fair Labor Standards Act ("FLSA")
(Overtime Compensation)

37.     The foregoing paragraphs are incorporated herein as if set forth in full.

38.     At all times relevant herein, Defendants have and continue to be an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

39.     At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

40.     At all times relevant herein, Plaintiff was a non-exempt employee within the meaning of the FLSA.

41.     Under the FLSA, an employer must pay a non-exempt employee for each and every hour worked, and time and one-half the regular rate of pay for each hour worked over 40 hours in a workweek.

42. Defendants' violations of the FLSA include, but are not limited to: not paying Plaintiff overtime for the hours/weeks she worked over forty (40) hours in each workweek and for terminating Plaintiff for reporting violations of the FLSA to management and to the DOL.

43. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## Second Cause of Action
## New Jersey Wage and Hour Law
### (unpaid overtime compensation)

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Defendants' aforementioned conduct is in violation of the New Jersey Wage and Hour Law.

46. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## Third Cause of Action
## Fair Labor Standards Act
### (Retaliation)

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. Plaintiff's complaints to management, her threatening to contact the DOL, and her reporting Defendants to the DOL regarding Defendants' wage violations all constitute protected activities pursuant to the FLSA.

49. Defendants terminated Plaintiff for her complaining of overtime violations and because she threatened to contact and in fact contacted the DOL.

50. The aforementioned conduct of Defendants is in violation of the FLSA.

51. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**Fourth Cause of Action**
**New Jersey Wage and Hour Law**
**(Retaliation)**

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. Defendants' aforementioned conduct is in violation of the New Jersey Wage and Hour Law.

54. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**Fifth Cause of Action**
**Conscientious Employee Protection Act ("CEPA")**
**(Pled in the Alternative to the Retaliation Claims)**

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Plaintiff's complaints to Defendants and her reporting to the DOL Defendants' violations of the state and federal wage laws constitute protected activities pursuant to the CEPA.

57. Defendants' aforementioned conduct in terminating Plaintiff violated the CEPA.

58. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings, future lost earnings, and emotional distress.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of the FLSA, the CEPA, and the New Jersey Wage and Hour Law;

      B.      Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, and emotional distress.

      C.      Plaintiff is to be awarded liquidated/punitive damages, pursuant to the FLSA, the CEPA, and the NJ Wage and Hour Law;

      D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

      E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

By:    */s/ Justin L. Swidler*
        Justin L. Swidler, Esq.
        1878 Marlton Pike East. Ste. 10
        Cherry Hill NJ, 08003

Dated: August 27, 2010