**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE KIERNAN, | CIVIL ACTION NO. 10-4421 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| AAA MECHANICAL, INC. d/b/a MIDSTATE HEATING AND COOLING, et al., | |
| Defendants. | |

**COOPER, District Judge**

The plaintiff, Michelle Kiernan, brings this action against
the defendants, AAA Mechanical, Inc. d/b/a Midstate Heating and
Cooling ("Midstate"), Robert Bifani, and Brian DiFiore
(collectively, "Defendants"), seeking overtime compensation
pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-
4.1, et seq. ("NJWHL") ("Overtime Claims").  (Dkt. entry no. 1,
Compl. at ¶¶ 37-46.)  Kiernan, who alleges that she was unlawfully
terminated, also raises claims for past and future lost earnings
("Lost Earnings Claims") pursuant to the FLSA and NJWHL or, in the
alternative, pursuant to the Conscientious Employee Protection Act,
N.J.S.A. § 34:19-1, et seq.  (Id. at ¶¶ 47-58.)

Kiernan now moves for summary judgment on the Overtime Claims
in her favor and against Defendants, arguing that the Court is

bound by the earlier-issued findings of fact of the New Jersey Department of Labor ("NJDOL").  (<u>See</u> dkt. entry no. 20, Mot.; dkt. entry no. 20-1, Kiernan Br. at 6-7.)  Defendants oppose the Motion.  (Dkt. entry no. 23-2, Defs.' Br. at 2-6)  They also cross-move for summary judgment on the Lost Earnings Claims in their favor and against Kiernan, arguing that after-acquired evidence limits Kiernan's ability to collect damages.  (<u>See</u> dkt. entry no. 23, Cross Mot.; Defs.' Br. at 6-8.)  Kiernan opposes the Cross Motion.  (<u>See generally</u> dkt. entry no. 26, Kiernan Opp'n Br.)[1]

We now resolve the Motion and Cross Motion on the papers, <u>see</u> L.Civ.R. 78.1(b), and, for the reasons that follow, deny both.

## I.   BACKGROUND[2]

Kiernan applied to work at Midstate on January 4, 2010 by completing and submitting an application for employment.  (Dkt.

---

[1] Defendants also move to strike damage claims for emotional distress that appear within the Counts concerning the Lost Earnings Claims.  (Defs.' Br. at 6.)  It appears that the Magistrate Judge has already resolved this issue, and we will not further address it.  (<u>See</u> dkt. entry no. 29, 6-19-12 Consent Order (dismissing all emotional distress claims from the Complaint).)

[2] Defendants agree with each of Kiernan's statements of material fact.  (<u>Compare</u> dkt. entry no. 20-2, Kiernan's Statement of Material Facts ("Kiernan SOF") <u>with</u> dkt. entry no. 23-3, Defs.' Response to Kiernan SOF.)  Kiernan did not respond to Defendants' supplemental statement of material facts and is thus deemed to agree with each of Defendants' statements.  (<u>See</u> dkt. entry no. 23-3, Defs.' Supp. SOF.)  <u>See also</u> L.Civ.R. 56.1(a) ("any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion"); <u>Smith v. Addy</u>, 343 Fed.Appx. 806, 808 (3d Cir. 2009).  We thus, after ensuring that the parties' respective statements of fact accurately summarize the evidence of record, provide citation to their statements.

entry no. 23-1, Krenkel Cert., Ex. F, Employment Application.)  She represented on the Employment Application that she had never been convicted of a felony.  (Id.)  The Employment Application, immediately above Kiernan's signature, states:

> I authorize the investigation of all statements contained in this application.  I understand that misrepresentation of facts is cause for dismissal.  I further understand and agree that my employment is for no definite period and may . . . be terminated at any time without any previous notice.

(Id. (emphasis added).)  Defendants hired Kiernan as a salaried employee and she began working at Midstate on January 16, 2010. (See Kiernan SOF at ¶¶ 1, 3; Defs.' Response to Kiernan SOF at ¶¶ 1, 3.)

Kiernan regularly worked more than forty hours per week ("Overtime") for Midstate but did not receive a premium for working Overtime ("Overtime Pay").  (Kiernan SOF at ¶¶ 2-3; Defs.' Response to Kiernan SOF at ¶¶ 2-3.)  She complained about the lack of Overtime Pay to her supervisor, Wendy Ridgeway.  (Kiernan SOF at ¶ 5; Defs.' Response to Kiernan SOF at ¶ 5.)  Ridgeway responded that Kiernan was a salaried administrative employee who was not entitled to receive Overtime Pay.  (See Kiernan SOF at ¶ 6; Defs.' Response to Kiernan SOF at ¶ 6; see also dkt. entry no. 20-3, Arora Decl., Ex. F., Ridgeway Dep. at 11.)

Kiernan believed that Midstate's failure to provide Overtime Pay violated wage and hour laws and thereafter filed a complaint

3

with the NJDOL.  (Kiernan SOF at ¶¶ 5, 7; Defs.' Response to Kiernan SOF at ¶¶ 5, 7.)  NJDOL investigated Kiernan's complaint in June of 2010 by reviewing Midstate's records and meeting with several Midstate employees, including Ridgeway and Bifani.  (Kiernan SOF at ¶ 8; Defs.' Response to Kiernan SOF at ¶ 8; Defs.' Supp. SOF at ¶ 1; see Arora Decl., Ex. B, Field Report Notes.)  Defendants maintained throughout the NJDOL investigation that Kiernan was an administrative employee and thus exempt from Overtime Pay requirements.  (Kiernan SOF at ¶ 9; Defs.' Response to Kiernan SOF at ¶ 9; Defs.' Supp. SOF at ¶ 2.)

NJDOL, following its investigation, found that Defendants violated the NJWHL by, inter alia, failing to provide Overtime Pay to Kiernan.  (Kiernan SOF at ¶ 10; Defs.' Response to Kiernan SOF at ¶ 10.)  NJDOL issued notice of its findings.  (Arora Decl., Ex. B, 3-9-11 Letter from NJDOL to Bifani.)  The NJDOL notice states, in pertinent part, that Defendants could contest both its findings and the related penalties by

> complet[ing] the bottom section of the Assessment Form
> and return[ing it] within 15 days . . . .  A [NJDOL]
> Representative will contact you by telephone to hold an
> informal conference to discuss your case.  If your case
> cannot be resolved over the telephone, we will schedule
> you for a hearing in Trenton and send you written
> notification regarding your hearing.

(Id.)  Bifani, in accordance with those instructions, contested the NJDOL findings.  (Defs.' Supp. SOF at ¶ 5.)

4

Defendants terminated Kiernan's employment in July of 2010. (See Arora Decl., Ex. D, Bifani Dep. at 8; Ridgeway Dep. at 13.) Kiernan commenced this action on August 27, 2010, after her termination and during the pendency of the NJDOL proceedings. (Id. at ¶ 6; see Compl.) NJDOL thus discontinued those proceedings and the parties continued with discovery in this action. (Dkt. entry no. 24, Supp. Krenkel Cert., Ex. A, 5-26-11 Letter from NJDOL to Kiernan (noting Kiernan's pursuance of this action and expressing NJDOL's intent to close Kiernan's administrative claim by June 10, 2011); Defs.' Supp. SOF at ¶ 8 (demonstrating that NJDOL did not hold a hearing upon its contested findings and the related penalties); dkt. entry no. 12, 6-23-11 Order (extending discovery deadlines).) Defendants learned during discovery that Kiernan pleaded guilty in 2005, in the New Jersey Superior Court, Monmouth County, to one count of theft by deception, a crime of the third degree. (See Krenkel Cert., Ex. G, Judgment of Conviction at 1; Krenkel Cert., Ex. D, Kiernan Dep. at 177-79.) See also N.J.S.A. §§ 2C:1-4(a), 2C:20-2(b)(2).

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The Court will thus grant a motion for summary judgment when the

non-moving party "fails to make a showing sufficient to establish
the existence of an element essential to that party's case, and on
which that party will bear the burden of proof at trial." <u>Celotex</u>
<u>Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A dispute is "genuine"
if "the evidence is such that a reasonable jury could return a
verdict for the non-moving party", and a fact is "material" if it
might affect the outcome of the suit under the applicable rule of
law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court will not deny a party's motion for summary judgment
based upon mere allegations or denials in the pleadings; the
parties must, instead, produce some evidence must to support each
material fact.  Fed.R.Civ.P. 56(c)(1)(A); <u>United States v. Premises</u>
<u>Known as 717 S. Woodward Street, Allentown, Pa.</u>, 2 F.3d 529, 533
(3d Cir. 1993).  The non-moving party must "do more than simply
show that there is some metaphysical doubt as to the material
facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S.
574 (1986).

**B.   The Motion**

Kiernan now argues that NJDOL's finding that Defendants
violated the NJWHL, reached at the conclusion of the NJDOL
investigation, controls our resolution of the Motion.  (Kiernan Br.
at 6-9.)  She argues specifically that the Court must enter
judgment in her favor and against Defendants on both: (1) the NJWHL
Overtime Claim, pursuant to the doctrine of claim preclusion; and

6

(2) the FLSA Overtime Claim, pursuant to the doctrine of issue preclusion.  (Id.)

     Defendants acknowledge that the Court, in some circumstances, will be bound by a prior state administrative decision.  (See generally Defs.' Br. at 2-6.)  They contend, however, that such circumstances are not present in this case.  (Id.)  They argue that the doctrine of claim preclusion does not apply to the NJWHL Overtime Claim because the NJDOL finding does not constitute a valid, final judgment.  They also argue that the doctrine of issue preclusion does not apply to the FLSA Overtime Claim because NJDOL was not acting in a judicial capacity, such that Defendants had an adequate opportunity to litigate the issues.  (Id. at 3-6.)

     We consider the application of each doctrine in turn.

          1.  **Claim Preclusion**

     "[A]pply[ing] issues of claim preclusion to the factfinding of administrative bodies acting in a judicial capacity" is "sound policy".  Univ. of Tenn. v. Elliott, 478 U.S. 788, 797 (1986).  "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply" the doctrine of claim preclusion.  Id. at 797-98.  "Accordingly . . . when a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to

litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." Id. at 799 (quoting Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966)).

New Jersey courts will not apply the doctrine of claim preclusion to a state court action unless the judgment in the first action is valid, final, and on the merits. Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994). Such judgment may come either from a court "or tribunal of competent jurisdiction." Culver v. Ins. Co. of N. Am., 559 A.2d 400, 405 (N.J. 1989).

We now conclude, upon consideration of these principles, that the doctrine of claim preclusion does not apply to this matter. Kiernan urges the Court to consider and rely upon the aforementioned NJDOL findings. (Kiernan Br. at 6-7.) We find her reliance to be misplaced, however, because the investigative findings were subject to review by either NJDOL (in a telephone conference) or the New Jersey Office of Administrative Law ("NJOAL"). (See 3-9-11 Letter from NJDOL to Bifani (explaining Defendants' options for contesting NJDOL investigatory findings).) See also N.J.A.C. §§ 1:1-3.1(a), 1:1-3.2, 1:1-18.1-18.7, 12:56-1.6 (setting forth procedure for NJOAL review of contested administrative matters). They accordingly do not constitute a valid final judgment on the merits of the NJWHL Overtime Claim.

8

We note that Kiernan was free to allow her NJDOL complaint to proceed through the administrative process, which may have culminated in a valid final judgment on the NJWHL Overtime Claim. Such a judgment may have served as a valid basis for claim preclusion.  Kiernan decided instead to proceed in this Court. "That was her right.  Her decision to forego an administrative remedy at that stage and to seek instead a judicial forum . . . was hers to make." Hennessey v. Winslow Twp., 875 A.2d 240, 247 (N.J. 2005).  But "[p]reclusion is not warranted in these circumstances because . . . plaintiff shifted gears from the administrative channels of review available to her, to the judicial forum that she preferred." Id.

### 2.  Issue Preclusion

Kiernan argues that the Court should enter judgment on the FLSA Overtime Claim in her favor and against Defendants pursuant to the doctrine of issue preclusion. (Kiernan Br. at 7.)  She reasons that the legal issues attendant to the FLSA Overtime Claim mirror those attendant to the NJWHL Overtime Claim. (Id.)  We agree that the issues are very similar. See Nicholl-Kenner v. Lawrenceville Urology, P.A., No. 11-195, 2012 WL 1898615, at *2, n.1 (D.N.J. May 23, 2012) (comparing the NJWHL and FLSA); see also Pittman v. LaFontaine, 756 F.Supp. 834, 841-42 (D.N.J. 1991) (noting that issue preclusion analysis requires, inter alia, a "final judgment" on the legal issues at hand).  We have accordingly concluded, for

the reasons announced above with respect to the NJWHL Overtime
Claim, that we may not enter summary judgment on the FLSA Overtime
Claim.

C.   **The Cross Motion**

Defendants argue in support of the Cross Motion that the Court
should apply the after-acquired evidence doctrine to the Lost
Earnings Claims and, accordingly, limit the scope of damages that
Kiernan may recover for those claims.  (Defs.' Br. at 6-8.)  They
note that Kiernan indicated on the Employment Application that she
had not been convicted of a felony, that she had, in fact, earlier
pleaded guilty to a third-degree theft crime, and that the
Employment Application states that "misrepresentation of facts is
cause for dismissal".  (Id. at 6-7.)  Kiernan opposes the Cross
Motion, and argues, inter alia, that "Defendants have not proven
without dispute that [Kiernan] engaged in a misrepresentation
sufficient to support her discharge."  (Kiernan Opp'n Br. at 4.)[3]

We agree that Defendants have failed to demonstrate their
entitlement to summary judgment in their favor on this issue.
"Where an employer seeks to rely upon after-acquired evidence of
wrongdoing, it must first establish that the wrongdoing was of such

---

[3] Kiernan also argues that the Cross Motion is untimely based
on the Magistrate Judge's order that all dispositive motions be
filed by April 27, 2012.  (Kiernan Opp'n Br. at 3; see dkt. entry
no. 19, 2-21-12 Order.)  We have considered Kiernan's argument and
find it unpersuasive.  Defendants timely filed the Cross Motion by
filing it together with opposition to the Motion, which was timely
filed.  See L.Civ.R. 7.1(h).

10

severity that the employee <u>in fact</u> would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." <u>McKennon v. Nashville Banner Pub. Co.</u>, 513 U.S. 352, 362-63 (1995) (emphasis added).  Defendants have not met this burden, at least on the summary judgment materials submitted, because they have not demonstrated, by reference to undisputed facts, that they would have terminated Kiernan's employment based solely on her undisclosed criminal conviction.  <u>See</u> <u>id.</u>

**III. CONCLUSION**

The Court, for the reasons detailed above, will deny the Motion.  We will also deny the Cross Motion, without prejudice to Defendants to move for judgment in their favor at trial, pursuant to Federal Rule of Civil Procedure 50.  We will issue an appropriate Order.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Date:      June 29, 2012